**dIN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GRIGGS ROAD, L.P., and BLAISE ALEXANDER, | : | No. 4:17-CV-00214 |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | (Judge Brann) |
| | : | |
| SELECTIVE WAY INSURANCE COMPANY OF AMERICA, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OPINION and ORDER**

**JUNE 19, 2017**

Before the Court for disposition is Plaintiffs Griggs Road, L.P. and Blaise

Alexander's Motion to Remand Pursuant to 28 U.S.C. § 1447(c). For the

following reasons, this Motion will be denied.

I.    **BACKGROUND**

On February 3, 2017, this insurance coverage dispute was brought before the

Court by Notice of Removal pursuant to diversity jurisdiction under 28 U.S.C. §

1332 from the Court of Common Pleas of Lycoming County.[1]   On February 15,

2017, Defendant Selective Way Insurance Company of America ("Defendant")

---

[1]    ECF No. 1.

filed an Answer and Counterclaim. The factual scenario underlying Plaintiffs

Griggs Road, L.P. and Blaise Alexander's ("Plaintiffs") claims involves a loss

incurred on June 1, 2015 during the construction of their residence ("Alexander

Residence").[2]

From July 2013 to July 2014, a subcontractor poured NuDura Insulated

Concrete Form (ICF) walls to form the foundation and walls of the Alexander

Residence.[3] In December 2014, another subcontractor began installing stucco

directly over the exterior of the NuDura ICF walls, including all exposed lower

level exterior walls, all first floor exterior walls, all exterior walls of the

dormers/towers, and all exterior walls of the chimneys.[4] The stucco was affixed to

the NuDura ICF walls by the subcontractor with a layer of petroleum-based tar

paper followed by a layer of wire mesh.[5]

Following this insulation, it was discovered in May 2015 that the

subcontractor had affixed the stucco in a way which damaged the insulating

properties of the NuDura ICF walls.[6] This damage to the walls would allow

weather elements to affect the interior of the residence.[7] The process of removing

---

[2]   Compl. (ECF No. 1-1) ¶ 12, at 3.

[3]   *Id.* ¶ 13.

[4]   *Id.* ¶¶ 14–15.

[5]   *Id.* ¶ 17.

[6]   *Id.* ¶¶ 18–19, at 4.

[7]   Compl. (ECF No. 1-1) ¶ 19.

the improperly applied stucco resulted in damage to the existing NuDura ICF walls in excess of $1,700,000.00.[8] In addition to the foundation walls, the existing soffits on the Alexander Residence were also damaged by the subcontractor's improper installation of the stucco and subsequent efforts to remediate the said installation.[9]

On or about October 13, 2015, Plaintiffs notified Defendant Selective Way, their insurer, of their claim for damage to the existing foundation walls resulting from the remedial action taken to correct the faulty installation of the stucco.[10] Defendant denied coverage by way of letter on November 18, 2015 citing the operative policy's exclusion for defective workmanship and faulty materials.[11] On November 20, 2015, Plaintiffs again wrote to Defendant citing specific policy provisions and case law in support of their position that the damages were covered by the policy.[12] The relevant provisions of that policy state:

> A.  COVERAGE
> We will pay for direct physical loss or damage to Covered Property from any of the Covered Causes of Loss.
>
> 1.  COVERED PROPERTY, as used in this Coverage Form means:

---

[8]  *Id.* ¶ 20.

[9]  *Id.* ¶ 21.

[10]  *Id.* ¶ 22.

[11]  *Id.* ¶ 23

[12]  Compl. (ECF No. 1-1) ¶ 25, at 5.

a. Buildings and structures while in the course of construction, erection, or fabrication at the "job site," including foundations of such buildings or structures;

b. If intended to become a permanent part of the buildings and structures at the "job site," materials, supplies, fixtures, machinery and equipment of any nature whatsoever:

. . .

3. COVERED CAUSE OF LOSS
Covered Cause of Loss means direct physical loss or damage to Covered Property except those causes of loss or damage listed in SECTION B. EXCLUSIONS.

. . .

B. EXCLUSIONS

. . .

3. We will not pay for loss or damage caused by or resulting from any of the following. But if loss or damage by a Covered Cause of Loss results, we will pay for the loss or damage caused by the Covered Cause of Loss.

. . .

c. Faulty, inadequate or defective:

. . .

(2) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

(3) Materials used in repair, construction,

renovation or remodeling;[13]

By letter dated November 23, 2015, Defendant expressed to Plaintiffs that it was continuing to investigate the facts and circumstances of its claim under a reservation of rights.[14] On February 12, 2016, Defendant nevertheless continued to deny coverage in this matter under the above ensuing loss clause—an exception to the property insurance exclusions. This clause, included above, states: "But if loss or damage by a Covered Cause of Loss results, we will pay for the loss or damage caused by the Covered Cause of Loss."[15] Plaintiffs aver that their loss is recoverable under the ensuing loss clause of the policy and that, despite repeated efforts to further this position, Defendant has refused to reconsider its position denying coverage.[16]

In their complaint, Plaintiffs seek (1) declaratory judgment that the loss incurred to the foundation walls and soffits of the Alexander residence is covered by the ensuing loss clause, and allege (2) that Defendant's refusal to indemnify for the costs associated with this loss constitutes breach of contract.[17] The instant Motion to Remand was filed by Plaintiff Griggs Road, L.P. and Blaise Alexander

---

[13]    Compl. (ECF No. 1-1), Exh. A., at 43, 53–54.

[14]    Compl. (ECF No. 1-1) ¶ 25, at 5.

[15]    *Id.* ¶ 29, at 6.

[16]    *Id.* ¶¶ 30–34, at 6–7.

[17]    *See generally* Compl. (ECF No. 1-1).

("Plaintiffs") on March 6, 2017.[18] It has since been fully briefed and is ripe for disposition.[19]

## II. LAW

"[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court,"[20] and "any doubt about the right of removal requires resolution in favor of remand."[21] "It remains the defendant's burden to show the existence and continuance of federal jurisdiction."[22]

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants." The two primary types of "original jurisdiction" that §1441(a) contemplates are diversity jurisdiction and federal question jurisdiction. Moreover, "federal removal jurisdiction . . . is determined (and must exist) as of the time the complaint is filed and removal is effected."[23]

---

[18]  ECF No. 11.

[19]  ECF Nos. 12, 16, & 17.

[20]  *Federico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007) (Aldisert, J.)

[21]  *Moore–Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

[22]  *Steel Valley Auth. v. Union Switch & Signal Div., Am. Standard, Inc.*, 809 F.2d 1006, 1010 (3d Cir. 1987).

[23]  *Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002).

## III. DISCUSSION

The Federal Declaratory Judgment Act, or 28 U.S.C. § 2201, provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."[24] "In providing the remedy of a declaratory judgment, it was the Congressional intent 'to avoid accrual of avoidable damages to one not certain of his rights and to afford him an early adjudication without waiting until his adversary should see fit to begin suit, after damage had accrued.'"[25] The United States Court of Appeals for the Third Circuit has repeatedly "emphasized that the Act should have a liberal interpretation, bearing in mind its remedial character and the legislative purpose."[26] In that regard, Section 2201 has been interpreted "as granting to the district court the discretion whether to award declaratory relief[.]"[27]

Plaintiffs argue within their Motion to Remand that the Court should exercise this discretion under the Declaratory Judgment Act[28] and remand this case

---

[24] 28 U.S.C. § 2201.

[25] *Interdynamics, Inc. v. Firma Wolf*, 698 F.2d 157, 164–65 (3d Cir. 1982) (quoting *Dewey & Almy Chem. Co. v. Am. Anode, Inc.,* 137 F.2d 68, 69–70 (3d Cir. 1943), *cert. denied,* 320 U.S. 761 (1943)).

[26] *Id.*

[27] *Id.* at 167 (citing *Bituminous Coal Operators' Ass'n, Inc. v. Int'l Union, United Mine Workers*, 585 F.2d 586, 596 (3d Cir. 1978)).

[28] While Plaintiffs reference the Pennsylvania Declaratory Judgment Act (42 Pa.C.S.A. § 7533) within their Complaint, the Erie Doctrine nevertheless mandates the application of the

to the Court of Common Pleas of Lycoming County. Defendant in turn argues that

the factors outlined by the United States Court of Appeals for the Third Circuit in

*Reifer v. Westport Insurance Corporation*[29] guiding the exercise of this discretion

do not favor remand.[30] Having reviewed the pleadings and the briefs of the parties

on this issue, I agree with Defendant that remand in inappropriate, albeit for

different reasons from those advanced.

 While courts have discretion when exercising jurisdiction over a claim

brought under the Declaratory Judgment Act, they nevertheless have a "virtually

unflagging obligation" to exercise jurisdiction over a claim for damages.[31] Here,

Plaintiffs' Complaint contains two claims for relief: one for declaratory judgment

and a second for breach of contract. At issue, therefore, is the level of discretion

---

Federal Declaratory Judgment Act in diversity cases. *Lilac Dev. Grp., LLC v. Hess Corp.*, Civil Action No. 4:15-CV-7547, 2016 WL 3267325, at *3 (D.N.J. June 7, 2016) (citing *Jones v. Sears Roebuck and Co.*, 301 F.App'x. 276, 281 n. 12 (4th Cir. 2008); *Haagen-Dazs Shoppe Co., Inc. v. Born*, 897 F.Supp. 122, 126 (S.D.N.Y. 1995)).

[29] 751 F.3d 129, 146 (3d Cir. 2014).

[30] The Third Circuit has specifically directed that district courts should consider several non-exhaustive factors, including:

 (1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy; (2) the convenience of the parties; (3) the public interest in settlement of the uncertainty of obligation; (4) the availability and relative convenience of other remedies; (5) a general policy of restraint when the same issues are pending in a state court; (6) avoidance of duplicative litigation; (7) prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for res judicata; and (8) (in the insurance context), an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion.

*Reifer*, 751 F.3d at 146.

[31] *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).

afforded to the Court to decline jurisdiction over an action asserting a mixed

request for declaratory and legal relief.

In *Rarick v. Federated Serv. Ins. Co.*, the Third Circuit recently clarified

"the legal standard a district court must apply when addressing whether it may

decline jurisdiction when both declaratory and legal relief are claimed."[32]  The

Honorable Thomas M. Hardiman, writing for the Court, stated the following:

> When a complaint contains claims for both legal and declaratory relief, a
> district court must determine whether the legal claims are independent of the
> declaratory claims. If the legal claims are independent, the court has a
> "virtually unflagging obligation" to hear those claims, subject of course
> to *Colorado River*'s exceptional circumstances. *Colo. River*, 424 U.S. at
> 817–19. If the legal claims are dependent on the declaratory claims,
> however, the court retains discretion to decline jurisdiction of the entire
> action, consistent with our decision in *Reifer*, 751 F.3d at 144–46.[33]

The "independent claim test" requires that the court "first determine[] whether

claims seeking legal relief are independent of claims for declaratory

relief."[34]  Independence is established when the legal claim is "'alone sufficient to

invoke the court's subject matter jurisdiction and can be adjudicated without the

requested declaratory relief.'"[35]

---

[32]  852 F.3d 223, 227–28 (3d Cir. 2017).

[33]  *Id.*

[34]  *Id.* at 228 (citing *R.R. St. & Co. v. Vulcan Materials Co.*, 569 F.3d 711, 716-17 (7th Cir. 2009)).

[35]  *Id.*

Here, Plaintiffs' claim for breach of contract is "independent" of the claim for declaratory relief, and thus dispositive of the instant motion. Specifically, the breach of contract claim alone is sufficient to establish diversity jurisdiction pursuant to 28 U.S.C. § 1332, and its adjudication is not dependent on the requested declaratory relief.[36] Rather, because Plaintiffs are undoubtedly seeking monetary relief they aver is owed under the policy, a resolution of the instant controversy can be fully accomplished through the adjudication of the breach of contract claim.[37]

Having determined that the Plaintiffs' breach of contract claim is independent of their request for declaratory relief, Plaintiffs can therefore only secure remand if the presence of parallel state court proceedings warrants abstention under *Colorado River* doctrine. "*Colorado River* allows for federal abstention 'when there is a parallel ongoing state court proceeding.' "[38] To determine whether *Colorado River* abstention is warranted, the Court must engage

---

[36] *See Contintental Cas. Co. v. Westfield Ins. Co.*, Civil Action No. 16-CV-5299, 2017 WL 1477136, at *5 (E.D.Pa. Apr. 24, 2017)(finding that a plaintiff's claims for monetary relief are substantively independent even though they stem from the same underlying legal obligations where they can be adjudicated without adjudicating the requested declaratory relief).

[37] *See Schodle v. State Farm Mutual Automobile Ins. Co.*, Civil Action No. 17-CV-407, 2017 WL 1177133, at *3 (E.D.Pa. Mar. 30, 2017)("The breach of contract claim is the essence of this lawsuit. The insured surely wants monetary relief, not simply a declaration of his rights.").

[38] *Nat'l Collegiate Athletic Ass'n v. Corbett*, 25 F.Supp.3d 557, 570 (M.D.Pa. June 12, 2014)(Kane, J.)(citing *Nationwide Mut. Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 307 (3d Cir. 2009)).

in a two-step inquiry.[39]  As a threshold matter, the Court must first determine

"'whether there is a parallel state proceeding that raises substantially identical

claims [and] nearly identical allegations and issues.' "[40]  Generally, cases are

parallel when they involve the same parties and claims."[41]  In this matter, although

Plaintiffs aver that that there are state court proceedings in the Court of Common

Pleas of Lycoming County against two of the contractors who performed the faulty

work at issue,[42] these proceedings cannot be considered parallel because they

involve neither the same parties nor identical legal issues.

AND NOW, in accordance with the above reasoning, IT IS HEREBY

ORDERED that Plaintiffs Griggs Road, L.P. and Blaise Alexander's Motion to

Remand Pursuant to 28 U.S.C. § 1447(c) is DENIED.  The Clerk of Court is

directed to schedule an initial case management conference.  The Clerk is further

directed to docket this Order as a "written opinion," pursuant to the E-Government

Act of 2002.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[39]  *Id.*

[40]  *Id.* (citing *Nationwide*, 571 F.3d at 307).

[41]  *Ryan v. Johnson,* 115 F.3d 193, 196 (3d Cir. 1997).

[42]  ECF No. 17, at 6.