# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GRIGGS ROAD, L.P. and<br>BLAISE ALEXANDER,<br><br>   Plaintiffs/<br>   Counterclaim<br>   Defendants,<br><br>   v.<br><br>SELECTIVE WAY INSURANCE<br>COMPANY OF AMERICA,<br><br>   Defendant/<br>   Counterclaim<br>   Plaintiff | CIVIL ACTION NO.: 4:17-CV-00214-MWB<br><br>HON. MATTHEW W. BRANN |

## PLAINTIFFS' RESPONSE TO SELECTIVE'S STATEMENT OF UNDISPUTED MATERIAL FACTS

Plaintiffs/Counterclaim Defendants, Griggs Road, L.P. and Blaise Alexander (collectively "Alexander"), pursuant to LR 56.1 and 7.6 files the within responsive statement to Defendant/Counterclaim Plaintiff Selective Way Insurance Company of America ("Selective")'s Statement of Undisputed Material Facts ("SUMF") in support of its Motion for Summary Judgment, as follows:

1.  Admitted.

2.  Admitted.

3.  Admitted.

4. The Policy attached to Selective's SUMF as Exhibit 2 is a written document that speaks for itself.  It is admitted that the sections of the Policy quoted by Selective are accurately quoted.

5. The Policy attached to Selective's SUMF as Exhibit 2 is a written document that speaks for itself.  It is admitted that the sections of the Policy quoted by Selective are accurately quoted.

6. Admitted.

7. Admitted.

8. Admitted.  By way of further response, D'Alessio was also hired to install pre-cast concrete trim pieces to the exterior of the Alexander Residence. [ECF No. 34-3, Ellis Dec. ¶¶14-16.]

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. The Brooks Report is a written document that speaks for itself.  It is admitted that the portion of the Brooks Report quoted in this Paragraph by Selective is accurately quoted.  By way of further answer the use of nails destroyed the

structural integrity of the plastic strips that were part of the NUDURA walls. [ECF No. 34-3, Ellis Dec. ¶¶ 23-24].

15. It is admitted that Paragraph 19 of the Complaint is accurately quoted. The Complaint [ECF No. 1-1] is a written document that speaks for itself. By way of further response, as explained by Martin Ellis, the subcontractor's application of a petroleum-based paper to the NUDURA Walls caused a chemical reaction with the foam insulation of the walls and deteriorated the insulation, which destroys the quality of the NUDURA Walls. [ECF No. 34-3, Ellis Dec. ¶¶ 23-24.] The deterioration of the foam insulation functionally affects the R-Value and heat retention capabilities of the NUDURA Walls and also creates hollow spots where moisture could form. [*Id*. ¶¶ 25-26.] Mr. Ellis further explained how the subcontractor's act of driving smooth, galvanized nails into the plastic strips embedded in the core of the NUDURA walls structurally damaged the strips, such that they could not be used to attach a different type of exterior finish. [*Id*. ¶¶ 28-29.]

16. It is admitted that Paragraph 21 of the Complaint is accurately quoted. The Complaint [ECF No. 1-1] is a written document that speaks for itself. By way of further response, as explained by Mr. Ellis, the pre-cast trim pieces were fastened to the existing soffits with non-stainless steel screws. [ECF No. 34-3, ¶ 35.] The screws were insufficient to hold the heavy pieces of pre-cast trim. [*Id*.] When the

pieces were removed, the existing soffit work had been damaged by the method of attachment used by D'Alessio. [*Id*. ¶ 36.]

17. It is admitted that Plaintiffs' Response to Interrogatories is accurately quoted. By way of further answer, Plaintiffs incorporate by reference the response to Paragraph 16 as though fully set forth herein.

18. It is admitted only that October 13, 2015 is the date when Alexander's insurance agent, Purdy Insurance Agency, submitted the Claim form to Selective. The Claim form lists the date of loss as June 1, 2015. [Ex. 6.] There were discussions between Alexander and Selective prior to submission of the claim relating to coverage for the damage at issue.

19. Admitted. The written correspondence referenced by Selective and attached as Exhibits 7 and 8 speaks for itself.

20. Denied as stated. It is admitted that the correspondence from Plaintiffs' counsel set forth their position on coverage, based upon the Policy language and case law available at the time, and included the two phrases quoted by Selective. The contents of the written correspondence referenced by Selective and attached as Exhibit 9 speak for itself.

21. Admitted. The written correspondence referenced by Selective and attached as Exhibit 10 speaks for itself. By way of further answer, there were

ongoing discussions between counsel for Alexander and Selective and Selective performed several site visits of the property.

22.   Admitted.  The written correspondence referenced by Selective and attached as Exhibit 11 speaks for itself.  By way of further answer, there were ongoing discussions between counsel for Alexander and Selective and Selective performed several site visits of the property.

23.   Admitted.  The written correspondence referenced by Selective and attached as Exhibit 12 speaks for itself.

24.   Denied as stated.  Plaintiffs filed suit on January 4, 2017, which was well within the time frame established in the Policy, which requires that a legal action is "brought within 2 years after you first have knowledge of the "loss." [Selective Ex. 2, CM 00 01 06 95, p. 2 (Selective_Griggs000232)]

Respectfully submitted,

Pillar+Aught

By:   /s/ *Dean Piermattei*
Dean F. Piermattei, Esq.
Attorney I.D. No. 53847 (PA)
dpiermattei@pillaraught.com
Jill N. Weikert, Esq.
Attorney I.D. No. 208055 (PA)
jweikert@pillaraught.com
Pillar+Aught
4201 E. Park Circle
Harrisburg, PA  17111
(717) 308-9910 (phone)
(717) 686-9862 (fax)

5

*Attorneys for Plaintiffs*